UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>            Plaintiff,<br><br>       vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | 1:14-cv-00905-AWI-GSA-PC<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(Doc. 2.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Zane Hubbard ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 11, 2014, together with an application to proceed in forma pauperis.  (Docs. 1, 2.)

28 U.S.C. § 1915 governs proceedings in forma pauperis.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in

forma pauperis unless Plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.[2]  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff alleges in the Complaint that defendants unlawfully incarcerated him, harassed him, tried to house unwilling white inmates with him, subjected him to illegal strip search, searched his cell without good cause, shared his personal information with other inmates, confiscated his personal property, interfered with his mail, misclassified him, initiated gang validation proceedings against him, failed to protect him from assault by another inmate, threatened his life with electro-convulsive or organic therapy, engaged in "genocide," threatened to kidnap him and steal his birthrights, gave him used razors which could have contained AIDS or hepatitis, forced him to eat off paper plates with his hands and sleep on a bare filthy mattress, covered up funds missing from his account, attempted to fondle him, and retained him against his will on a mental health basis.[3]  Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action.  Therefore, Plaintiff's application to proceed in forma pauperis shall be denied, and this action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis in this action is DENIED;

---

[1] Among the dismissals suffered by Plaintiff that count as strikes under 1915(g) are case numbers 1:13-cv-00761-MJS-PC (ED Cal.) Hubbard v. CDCR, et al. (dismissed on 08/30/2013 for failure to state a claim); 1:13-cv-01078-LJO-MJS-PC (ED Cal.) Hubbard v. Mendes, et al. (dismissed on 03/17/2014 for failure to state a claim); and 1:14-cv-00351-LJO-SAB-PC (ED Cal.) Hubbard v. Lua, et al. (dismissed on 05/06/2014 for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

[3] Plaintiff makes additional allegations against the defendants in the Complaint.   However, the Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint. Id.

2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   June 30, 2014                              _____
                                                                    SENIOR DISTRICT JUDGE